## Baumgardner Trust

*Roberts R. Appel* and *Charles Foltz Herr*, for exceptants.

BOWMAN, P. J., March 5, 1956.—The exceptions which were filed by the accountant, the Fulton National Bank of Lancaster, substituted trustee, and the Lancaster Cemetery to the adjudication of April 28, 1955, are to our refusal to permit the accountant to resign as trustee of the trust created under the will of Florine Baumgardner for the maintenance of burial lots in the Lancaster Cemetery and to award the balance as shown in the account to the Cemetery Company which seeks appointment as succeeding trustee.

Testatrix, who died April 18, 1931, provided in her will as follows:

"EIGHTH: I give and bequeath the sum of One Thousand Dollars ($1000) unto The Lancaster Trust Company, of Lancaster, Pa., in Trust, the same to be safely invested and the net income derived therefrom shall be expended for the perpetual care and upkeep of the Baumgardner burial lots in Lancaster Cemetery, and of the gravestones erected thereon."

The account here involved is one of 42 accounts of trusts for the maintenance of cemetery lots in The Lancaster Cemetery filed by this trustee and other corporate trustees. All such accounts were filed to afford the respective trustees an opportunity to present their petitioners to resign and to permit the appointment of The Lancaster Cemetery as succeeding trustee and, subsequently, if that appointment is made, to enable the succeeding trustee to combine and merge the funds and transfer the same to a corporate trustee for investment purposes, all under the provisions of the Act of August 10, 1951, P. L. 1199, 15 PS §§1101-02, and of the Act of June 12, 1951, P. L. 520, 15 PS §2851-315. It is anticipated that an increase in income would result, thus making it possible to more effectively carry out the purposes for which the trust was created.

What we said in our opinion filed concurrently herewith in Baer Trust, 6 D. & C. 2d 215, concerning the difficulties involved in numerous small cemetery trusts certainly is not applicable to this trust. The balance shown by the account includes the principal of $1,000 and accumulated income of $233.12. The fund produces an annual gross income of $30, and during the years 1952 to 1953 the annual charge for the maintenance of the lot was $25. Unlike the trust created under the will of Sarah A. Baer, supra, or those small trusts involved in Sixty Cemetery Trusts, 5 Fiduc. Rep. 505, no problem is here presented of the

fund producing inadequate income to carry out the purposes of testatrix or of the trust. We can find no good reason, therefore, why we should permit the present trustee to resign and award the fund to a succeeding trustee to be subsequently transferred to a corporate trustee for investment purposes.